IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN ROBINSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 12-1348-SLR |
| | ) |
| DAVID PIERCE, Warden, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington this _26th_ day of August, 2013, having reviewed the above captioned case;

IT IS ORDERED that petitioner Kevin Robinson's ("petitioner") motion to amend his motion requesting representation by counsel by adding an argument pursuant to *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309, 1311-12 (2012) (D.I. 8) is **GRANTED**;

IT IS FURTHER ORDERED that petitioner's amended "motion for representation by counsel" (D.I. 4) and his combined "motion to stay and [request for] representation by counsel" (D.I. 16) are **DENIED** without prejudice to renew, for the reasons that follow:

**1. Background.** In October 2012, petitioner filed an application for habeas relief pursuant to 28 U.S.C. § 2254. (D.I. 3) The application asserts three claims: (1) trial counsel provided ineffective assistance by failing to file a motion to suppress petitioner's recorded police statements; (2) trial counsel provided ineffective assistance by failing to investigate the State's case prior to trial and failing to request *Brady*

materials; and (3) the trial court committed plain error and engaged in misconduct by communicating with the jury and the prosecutor outside the presence of defense counsel. (D.I. 3)

2. In his amended motion for representation by counsel, petitioner asserts that he cannot afford to retain counsel; he is unskilled in the law; he does not have the ability to present his own case; and he is entitled to representation in this proceeding under *Martinez* because he was represented by counsel during his trial and on direct appeal, but was not represented by counsel in his Rule 61 proceeding. (D.I. 4; D.I. 8)

3. In his combined motion seeking both representation and a stay of this proceeding, petitioner asks the court to stay his habeas proceeding, remand the case back to the Delaware state courts, order the Delaware state courts to provide him with counsel or order such representation itself, and also provide representation for petitioner in this proceeding. (D.I. 16) Citing *Martinez*, petitioner contends that he was "ill-equipped" in his first post-conviction proceeding in the Delaware state courts because, even though he raised claims of ineffective assistance of counsel in his Rule 61 proceeding, he "did not raise ineffectiveness where he should have, nor did he artfully challenge his convictions and show cause where it should have been demonstrated." (D.I. 16 at 2)

4. The State filed a response in opposition to petitioner's motion, contending that a stay is not warranted in this case, and that the court does not have the authority to remand the case back to the Delaware state courts and order the State of Delaware to provide counsel. (D.I. 17) The State also contends that petitioner has failed to provide reasons justifying representation by counsel in this proceeding. (D.I. 17 at 3)

**5. Standard of Review.** "District courts . . . ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). And, although "AEDPA does not deprive district courts of [this] authority, . . . it does circumscribe their discretion. Any solution to this problem must . . . be compatible with AEDPA's purposes." *Id.* Consequently, district courts on habeas review generally only stay a habeas proceeding if the habeas application is a mixed application containing both exhausted and unexhausted claims, and the petitioner's ability to file a future habeas application after proper exhaustion in the state courts will be clearly foreclosed by the expiration of AEDPA's one-year filing period. *Id.*; *see also Pliler v. Ford*, 542 U.S. 225 (2004).

6. In turn, it is well-settled that a petitioner does not have an automatic constitutional or statutory right to representation in a federal habeas proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). The recent Supreme Court decision, *Martinez v. Ryan*, did not alter this long-standing rule, because the *Martinez* Court explicitly refrained from recognizing or creating an automatic constitutional right to counsel in collateral proceedings. *See Martinez*, 132 S.Ct. 1309, 1315 (2012). Rather, a district court still has discretion over the issue, and may decide to seek representation by counsel for a petitioner in a federal proceeding when that petitioner demonstrates "special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *See*

3

*Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

7. **Discussion.** Turning first to petitioner's request to stay the instant proceeding, the court concludes that a stay is not warranted. The application contains exhausted claims and claims that are unexhausted but procedurally defaulted, which means that the application is not "mixed." *See Wenger v. Frank*, 266 F.3d 218, 227-28 (3d Cir. 2001)(a habeas application containing unexhausted but procedurally defaulted claims in addition to exhausted claims is not a mixed application). Moreover, petitioner's assertion that he would like to present challenges to his conviction in a more "artful" manner indicates that he is asking the court to stay the proceedings so that he can "redo" his state collateral proceeding. Considering that the Delaware state courts have already adjudicated the merits of the ineffective assistance of claims contained in petitioner's pending habeas application, granting a stay to enable a more "artful" presentation would be incompatible with AEDPA's objective of encouraging finality. *See Ryan v. Gonzales*, 133 S.Ct. 696, 709 (2013)(opining that a stay was inappropriate for ineffective assistance of counsel claims that were adjudicated on the merits in state post-conviction proceedings and were therefore subject to review under § 2254(d)). Thus, petitioner's motion for a stay is denied.

8. As for petitioner's request that the court remand his case to the state courts and order the State of Delaware to provide him with representation, the motion is denied for lack of jurisdiction. *See In re Wolenski*, 324 F.2d 309 (3d Cir. 1963)(per

4

curiam)(explaining that the district court "had no jurisdiction" to "issue writ of mandamus compelling action by a state official").

9. Although petitioner argues that *Martinez v. Ryan* authorizes the court to grant his requested relief, the argument is unavailing. First, the *Martinez* Court explicitly stated that its holding addressed only the constitutional claims presented in that case, namely,

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S.Ct. at 1320. In other words, *Martinez* provides a limited method for petitioners in federal habeas cases to prove cause for excusing his state court **procedural default** of certain ineffective assistance of counsel claims; it does not justify a federal district court's stay of a habeas proceeding or authorize a federal district court to order a state to provide representation for petitioners in state collateral proceedings. Second, the *Martinez* exception does not help petitioner here because none of the ineffective assistance of counsel claims presented in the instant application are procedurally defaulted. And, although petitioner asserts that he "did not raise ineffectiveness where he should have," he does not identify any additional and presumably procedurally defaulted ineffective assistance of trial counsel claim not previously presented in state court for which he needs to seek cause to excuse the procedural default of such claims. Thus, *Martinez* does not aid petitioner in obtaining the relief he currently seeks.

10. And finally, to the extent petitioner asks the court to provide representation by counsel in the instant federal habeas proceeding, his request is unavailing. As previously explained, because *Martinez* did not create a constitutional right to counsel in collateral proceedings, the court must still determine if petitioner has demonstrated special circumstances indicating that the interests of justice require representation. Here, petitioner contends counsel should be provided because he is indigent, unskilled in the law, and does not have the ability to present his own case. None of these reasons, however, persuade the court that the interests of justice require representation of counsel at this time. Significantly, petitioner's other filings in this case demonstrate his ability to sufficiently articulate his arguments, the case is fairly straightforward and capable of resolution on the record, and it does not appear that expert testimony will be necessary or that the ultimate resolution of the petition will depend upon credibility determinations.

11. For all of these reasons, petitioner's motions for a stay and representation by counsel, either in this court or in state court, are denied.

_____
UNITED STATES DISTRICT JUDGE